NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SERVICE REMINDER LLC,**
*Plaintiff-Appellant,*

v.

**VOLKSWAGEN GROUP OF AMERICA, INC.,**
*Defendant-Appellee.*

---

2012-1139

---

Appeal from the United States District Court for the Eastern District of Michigan in case no. 10-CV-12201, Judge Denise Page Hood.

---

**ON MOTION**

---

Before BRYSON, *Circuit Judge.*

**ORDER**

Volkswagen Group of America, Inc. moves to dismiss this appeal for failure to prosecute. Service Reminder LLC opposes. Volkswagen replies. Volkswagen also

moves to supplement its motion to dismiss with additional information about the status of the case. Service Reminder opposes, and Volkswagen replies, to this motion as well. The court grants Volkswagen's motion to supplement, as the additional briefing by both sides provides more updated information regarding the status of the case. Nonetheless the court denies Volkswagen's motion to dismiss, without prejudice to refiling.

From the various papers submitted by the parties on this motion, it is clear that Service Reminder has not fully complied with this court's rules, whether by failing outright or by complying only in an untimely fashion.

Federal Rule of Appellate Procedure 10(b), in relevant part, imposes upon the appellant a duty to (A) order a transcript, complying with local rules, of "such parts of the proceedings not already on file as the appellant considers necessary"; or (B) "file a certificate stating that no transcript will be ordered." A transcript order under Rule 10(b)(A) must be in writing and a copy must be filed with the district clerk. The district court's applicable local rule likewise states:

> All requests for transcripts from any proceeding held in the United States District Court for the Eastern District of Michigan shall be in writing and addressed to the court reporter for the District Judge before whom the matter was heard, with a copy of such request filed with the Clerk of the Court.

E.D. Mich. LR 80.1(a). If the appellant does not order the entire transcript, the appellant must file a statement of the issues which the appellant intends to present on appeal and serve the appellee with a copy of the state-

ment of the issues and a copy of the order or certificate. Fed. R. App. P. 10(b)(3). As applicable here, appellant must accomplish these things within fourteen days after filing the notice of appeal. Fed. R. App. P. 10. An appellant's failure to timely comply with these (or other) rules of this court "does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." Fed. R. App. P. 3(a)(2).

Service Reminder filed its Notice of Appeal on October 27, 2011. Accordingly, Service Reminder had fourteen days from that point to order a transcript or certify no transcript would be ordered, pursuant to Rule 10(b)(1) and, if a partial transcript was ordered, to comply with Rule 10(b)(3)(A). Volkswagen argues that Service Reminder failed to meet these and other deadlines. Service Reminder responds, supported simply by a declaration from its counsel, Jean-Marc Zimmerman, that it "sent a letter and a check to Judge Hood's court reporter" requesting a transcript on October 27, 2011. Service Reminder further states that Zimmerman subsequently engaged in several communications with the district court and this court regarding whether the record had been forwarded, culminating with a communication from a Deputy Clerk at the district court on December 21, 2011, indicating that the record had been forwarded to this court.

As Volkswagen points out in its reply, Service Reminder does not assert that Zimmerman ever filed his October 27 letter or a transcript order with the district court clerk as required by Federal Rule of Appellate Procedure 10(b) and Local Rule of the United States District Court for the Eastern District of Michigan 80.1(a), nor does it explain his failure to do so. Indeed,

the only evidence of a transcript order beyond Zimmerman's uncorroborated averments is an acknowledgement by the court reporter that a transcript order form was received on January 20, 2012, in an entry in the district court's docket dated January 24, 2012.

In the supplemental briefing submitted by the parties, Volkswagen renews its complaint regarding Service Reminder's non-compliance with respect to the transcripts. Service Reminder responds simply by stating that it did indeed order and obtain a transcript of the proceedings before the district court, and attaches a copy of the first two pages as an exhibit to its response.

These efforts do not fully comply with Rule 10(b)(1). Service Reminder was required to file a copy of its transcript order with the district court clerk. If a partial transcript was ordered, Service Reminder was further required to file a statement of issues pursuant to Rule 10(b)(3) and to serve a copy on Volkswagen.

Nonetheless, it appears that a transcript has been ordered, and that Zimmerman may have made some effort to obtain a transcript in a timely fashion. Accordingly, dismissal of the appeal at this time is too strong a sanction. Service Reminder and Zimmerman are advised, however, to cure any current noncompliance immediately and to comply with all of this court's rules going forward.

In Volkswagen's reply in support of its motion to supplement, the transcript issue is the only instance cited of Service Reminder's ongoing noncompliance with the rules. Volkswagen lists several other failures by Service Reminder to *timely* comply with the rules, including with respect to designation of materials for the appendix, identification of issues for appeal, and filing a certificate

of compliance with Federal Circuit Rule 11(d). It appears these deficiencies have been cured.

While the court declines to sanction Service Reminder's failure to timely comply with the rules with dismissal of the appeal at this time, Service Reminder should adhere strictly to all of this court's rules and deadlines going forward, and immediately cure any outstanding noncompliance, including its noncompliance with Federal Rule of Appellate Procedure 10(b).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to supplement the motion to dismiss is granted.

(2) The motion to dismiss is denied without prejudice to refiling.

(3) Service Reminder is directed to cure its current noncompliance with Federal Rule of Appellate Procedure 10(b) immediately.

(4) Service Reminder's initial brief is due within 14 days of the date of this order.

FOR THE COURT

MAR 2 3 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 2 3 2012

JAN HORBALY
CLERK

cc: Jean-Marc Zimmerman, Esq.
Michael J. Lennon, Esq.

s23